# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDAL RUIZ,<br>CDCR #V-00678,<br><br>　　　　　　　　　　　Plaintiff,<br>vs.<br><br>LAGUNA, et al.,<br>　　　　　　　　　　　Defendants. | Civil No.　09-1289 JAH (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR CLARIFICATION**<br>**[Doc. No. 3]** |

On June 10, 2009, Plaintiff, a state prisoner proceeding pro se, filed a complaint entitled "Complaint for Criminal Conspiracy Against Rights, Intentional Misrepresentation of Facts to Obtain Judgment Against Plaintiff (Title 18 U.S.C. §§ 241, 242)." Because Plaintiff alleged several state prison officials violated his "federally protected right" to access to the courts, the Court construed his pleading as a civil rights action, brought pursuant to 42 U.S.C. § 1983.

On August 11, 2009, the Court dismissed the action, however, because Plaintiff had neither paid the $350 filing fee required by 28 U.S.C. § 1914(a) to commence a civil action, nor submitted a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. Plaintiff was provided thirty days in which to either pay the filing fee, or submit a Motion to Proceed IFP.

1    Instead, on September 2, 2009, Plaintiff filed a Motion for Clarification of Order [Doc.
2 No. 3], in which he claims the Court's August 11, 2009 Order is a "wrongful order."
3 Specifically, Plaintiff claims the Court erred by dismissing his action for failure to pay civil
4 filing fees because he brought a criminal action, for which there is no filing fee. *See* Pl.'s Mot.
5 [Doc. No. 3] at 1. Accordingly, Plaintiff moves the Court to "clarify" its August 11, 2009 Order.

6    To clarify, the Court construed Plaintiff's constitutional claims to arise under the civil
7 rights statute, 42 U.S.C. § 1983, because Plaintiff cannot, on his own behalf, institute criminal
8 proceedings pursuant to 18 U.S.C. §§ 241 and 242. These statutes impose criminal sanctions
9 for conspiracy against the rights of citizens and for deprivation of rights under color of law.
10 Sections 241 and 242 do not, however, give rise to a civil action for damages or authorize an
11 individual to institute criminal proceedings. *See Allen v. Gold Country Casino,* 464 F.3d 1044,
12 1048 (9th Cir. 2006) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)); *Lewis v.*
13 *Green*, 629 F. Supp. 546, 554 (D. D.C. 1986); *Fiorino v. Turner*, 476 F. Supp. 962 (D. Mass.
14 1979); *Perrotta v. Irizarry*, 430 F. Supp. 1274 (S.D. N.Y. 1977); *Brown v. Duggan*, 329 F.
15 Supp. 207 (W.D. Pa. 1971).

16    **Conclusion and Order**

17    Accordingly, Plaintiff's Motion for Clarification [Doc. No. 3] is GRANTED.

18    If Plaintiff wishes to proceed pursuant to 42 U.S.C. § 1983, he must, no later than
19 **October 26, 2009**:

20    (1)    comply with the Court's August 11, 2009 Order by either paying the $350 filing
21           fee required by 28 U.S.C. § 1914(a) *or* submitting a Motion to Proceed IFP
22           pursuant to 28 U.S.C. § 1915(a); or

23    (2)     file a Notice of Voluntary Dismissal pursuant to FED.R.CIV.P. 41(a)(1).

24    IT IS SO ORDERED.

25

26 DATED: September 22, 2009

27                                                      HON. JOHN A. HOUSTON
                                                        United States District Judge
28